NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY MOTTOLA, | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 05-CV-3964 (DMC) |
| CITY OF UNION CITY, et al. | : | |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

 This matter comes before the Court upon a motion by Greenville Hospital and

Meadowlands Hospital Medical Center ("Defendants") regarding their status under the

Charitable Immunity Act, N.J.S.A. 2A:53A-7 and 8.  In addition, Defendants request the Court to

recognize that in the event either Defendant is found liable to Plaintiff for damages, Defendants'

liability will be limited to $250,000 under the Charitable Immunity Act.  Pursuant to Rule 78 of

the Federal Rules of Civil Procedure oral argument was not heard on this matter.  After careful

consideration of all the submissions and for the reasons set forth in the Court's Opinion,

charitable immunity applies to both Defendants and in the event either Defendant is found liable

to Plaintiff for damages, Defendants' damages will be limited to $250,000.

## I. BACKGROUND

 Mr. Anthony Mottola ("Plaintiff") worked as a police officer for Union City.  On March

3, 2005, Plaintiff filed a seven-count Complaint in New Jersey Superior Court, Law Division,

Hudson County alleging violations of 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and defamation.  (See Plaintiff's Complaint).  Plaintiff's claims arise from a search of his apartment that took place on March 3, 2003, and a car accident that occurred on May 13, 2003, that led to charges of driving while intoxicated.

On December 7, 2005, this Court heard oral argument on a motion to dismiss filed by Union City, Chief Charles Everett, Sergeant Armando Najar, Sergeant Miguel Figueroa, Lieutenant Richard Molinari, Police Officer David Valdivia, and Police Officer Richard D'Andrea.  After hearing argument, Plaintiff's state law claims were dismissed.  Plaintiffs' claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act remain pending before this Court.

Defendants have now filed a motion seeking this Court to recognize the protections afforded them under the Charitable Immunity Act if this case goes to trial and Defendants are found liable to Plaintiff for any damages.  Plaintiff alleges Defendants released his medical records, without his authorization in violation of the "Federal Privacy Act."  (Plaintiff's Complaint ¶ 32).  Plaintiff further alleges that the publication of his medical records "damage[d]" him.  (Id.)

## II. Discussion

### Charitable Immunity

In 1959 the New Jersey Legislature enacted N.J.S.A. 2A:53A-8 of the Charitable Immunity Act, which abrogated total immunity for nonprofit hospitals but limited their liability for negligence to $10,000 in damages.  White v. Mattera, 175 N.J. 158, 163 (2003).  Then in 1991, the Legislature amended N.J.S.A. 2A:53A-8 to increase a hospital's liability limit from

$10,000 to $250,000.  N.J.S.A. 2A:53A-8 now states in pertinent part:

> Any nonprofit corporation, society or association organized exclusively for hospital purposes shall be liable to respond in damages to such beneficiary who shall suffer damages from the negligence of such corporation, society or association or of its agents or servants to an amount not exceeding $250,000 together with interest and costs of suit, as the result of any one accident and to the extent to which such damage, together with interest and costs of suit, shall exceed the sum of $250,000 such nonprofit corporation, society or association organized exclusively for hospital purposes shall not be liable therefor.

In order for a defendant to enjoy the protection of the Charitable Immunity Act, a defendant has the burden of demonstrating it is a charitable organization, organized exclusively for hospital purposes.  Once the defendant has proven it fits into this category, it must then show that the plaintiff was a beneficiary of their services.

Here, Defendants have carried this burden.  Defendant Greenville Hospital submitted an affidavit completed by Jean Murray, the Senior Vice-President of Administration for Greenville Hospital, demonstrating Greenville Hospital is nonprofit organization organized for hospital purposes.  (See the Certification of Julianne Cefalu, Ex. D).  Defendant Meadowlands Hospital Medical Center has submitted an affidavit completed by Martin Baicker, Senior Vice President and Administrator for Meadowlands Hospital Medical Center, stating Meadowlands Hospital Medial Center is a nonprofit organization organized exclusively for hospital purposes.  (Id. Ex. E).  After reviewing these affidavits, the Court is satisfied that both Defendants qualify as nonprofit organizations organized for hospital purposes under the Charitable Immunity Act.

The Court also finds that Plaintiff qualifies as a "beneficiary" of services from both institutions.   It appears Plaintiff has misunderstood the term "beneficiary" and the impact insurance has on qualifying as a "beneficiary."  Insurance coverage does not change the impact of

the immunity statute or confer additional rights upon an injured beneficiary.  Johnson v. Mountainside Hosp., 239 N.J.Super. 312, 322 (App.Div. 1990) (citing Cf. Vitolo v. St. Peter's Church, 118 N.J.Super. 35, 37 (App.Div.), certif. den. 60 N.J. 285 (1972)).  The reason being that hospitals continue to perform a vital, benevolent social function despite the fact that the hospital may be reimbursed by insurance or government programs.  Id.  Therefore, every patient at the hospital receiving care is a beneficiary of its work.  Id.  Plaintiff has received treatment at both the Meadowlands Hospital Center and Greenville Hospital and is therefore considered a beneficiary under the statute.

### III. Conclusion

For the reasons stated, the Court grants Defendants' motion regarding charitable immunity.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        July 31, 2006
Original:     Clerk's Office
Cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File

-4-