UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY MOTTOLA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF UNION CITY, CHIEF CHARLES EVERETT, SERGEANT ARMANDO NAJAR, SERGEANT MIGUEL FIGUEROA, LIEUTENANT RICHARD MOLINARI, OFFICER DAVID VALDIVIA, OFFICER RICHARD D'ANDRES, JOHN DOE (1-12), GREENVILLE HOSPITAL and MEADOWLANDS HOSPITAL, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 05-3964 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Meadowlands Hospital ("Defendant" or "Hospital") for summary judgment  Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard.  After carefully considering the parties' submissions, and based upon the following, it is the finding of this Court that Defendant's motion for summary judgment is **denied**.

I. **BACKGROUND**

On or about May 13, 2003, Anthony Mottola ("Plaintiff") was involved in a car accident in Union City, New Jersey which required that he be taken for treatment at Meadowlands Hospital.  Plaintiff alleges that the Hospital violated his right to privacy by conducting a urinalysis test after catheterizing Plaintiff and then providing the results of the test to the Union

City Police Department.  The police and prosecutor then used the urinalysis results to bring a driving under the influence charge against Plaintiff.  Plaintiff was later acquitted.  Plaintiff alleges that he never consented to the catheterization and that the Hospital was negligent in performing a medically unnecessary procedure.

The emergency room doctor on that day was Dr. Bernard Reimer.  Dr. Reimer is not an employee of the Hospital, but was there that day as an employee of MedExcel, an emergency room physician group.  Dr. Reimer ordered the catheterization of Plaintiff.  The Hospital argues that the catheterization was necessary because Plaintiff was a trauma patient.  In other words, the Hospital insists that Dr. Reimer's decision to administer the catheter was based on Plaintiff's well-being and had nothing to do with Union City's later prosecution of Plaintiff for driving under the influence.

Plaintiff's Complaint against the Hospital is based in negligence for performing a medically unnecessary catheterization.  The Hospital is the only remaining defendant in this action.  All of the other Defendants have been dismissed by agreement between the parties.

**II.    SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that a party's motion for summary judgment may be granted where the pleadings, supporting papers, affidavits and admissions on file, when viewed with all inferences in favor of the non-moving party, demonstrate that there is no issue of material fact and that the movant is entitled to judgment as a mater of law.  FED R. CIV. P. 56; see also Todaro v. Bowman, 872 F.2d 43, 46 (3d Cir. 1989).

Particularly, "summary judgment may be granted if the movant shows that there exists no genuine issue of material fact that would permit a reasonable jury to find for the non-moving

party."  Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988), cert. den. 488 U.S. 87 (1988).  An issue is "genuine" if a reasonable jury could possibly hold in a non-movant's favor with regard to that issue.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is material if it influences the outcome under the governing law.  Id. at 248.

The party seeking summary judgment always bears the initial burden of production, i.e., of making a *prima facie* case that it is entitled to summary judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This may be done by demonstrating that the non-moving party has not produced evidence relating to an essential element of an issue for which it bears the burden of proof at trial.  Celotex Corp., 477 U.S. at 322-23.  Once this showing is made, the burden shifts to the non-moving party, who must demonstrate facts supporting each element for which it bears the burden of proof as well as establish the existence of genuine issues of material fact.  Id. at 324.  At the summary judgment stage, however, the Court may not weigh the evidence or make credibility findings, which is the work of the fact finder.  Petruzzi's IGA v. Darling-Del., 998 F.2d 1224, 1230 (3d Cir. 1993).

In opposing summary judgment, the non-moving party may not "rest upon mere allegations, general denials, or . . . vague statements."  Quiroga v. Hasbrow, Inc., 934 F.2d 497, 500 (3d Cir. 1990).  In other words, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**III.    DISCUSSION**

Defendant argues that Plaintiff has failed to make out a *prima facie* case of negligence against the hospital. More specifically, that Dr. Reimer, the emergency room doctor who treated Plaintiff, testified that he ordered the catheterization out of medical necessity. Additionally, the Hospital states that Plaintiff has failed to produce a liability expert report inculpating the Defendant in this matter. Therefore, Defendant argues, summary judgment is proper. To establish a *prima facie* case of medical malpractice, a plaintiff must prove that a physician or medical professional deviated from recognized standards of medical care and that this deviation proximately caused the injuries of which the plaintiff complains. Schueler v. Strelinger, 43 N.J. 330, 344-345 (1964). With rare exception, evidence of deviation from accepted medical standards must be proved by competent, qualified physicians. Id. at 345.

It is well-established in New Jersey that the general standard of care a physician is required to exercise in the diagnosis and treatment of a patient is that degree of care, skill and knowledge which is ordinarily possessed by the average member of the medical profession acting under similar circumstances. Walck v. Johns-Manville Products Corp., 56 N.J. 533 (1970). However, since medical malpractice actions raise sophisticated technical issues of medical fact and opinion often transcending the common knowledge of laity, a plaintiff must produce expert testimony both defining the recognized standard of care, skill and knowledge, as well as the departure therefrom. Toy v. Rickert, 53 N.J. Super. 27 (App. Div. 1968):

> [t]he general rule is that the failure to use the requisite degree of professional skill demanded of the physician or surgeon must ordinarily be established by the expert testimony of those qualified by their own knowledge and experience in the same profession to know and state whether in the given circumstances of a particular

>case, the physician or surgeon had failed to exercise that degree of knowledge and skill which usually pertains to other members of his profession.

Toy, 53 N.J. Super. at 32.

Defendant claims that Plaintiff's expert reports by Dr. Oscar Sandoval are insufficient to establish a genuine issue of material fact and survive its summary judgment motion. Defendant states that Dr. Sandoval's reports speak only to the damages in this case, but fail to support a claim of negligence.

Plaintiff asserts that there are indeed disputes over genuine issues of material fact. Despite Defendant's contention to the contrary, Dr. Sandoval's report does conclude that a "[r]eview of the records do[es] not reveal the indication of why Mr. Mottola need[ed] a strait Cath by the nurse and there are no doctor orders on the chart for the strait catheterization." See Expert Report of Dr. Sandoval at p. 5.

Defendant's assertion that Plaintiff is attempting to create an issue of fact where one does not exist is unsupported. Defendant points out that Dr. Reimer, who decided to catheterize Plaintiff, is not an employee of the Hospital. Whether Dr. Reimer is an employee of the Hospital or merely an agent does not reach the disputed issue of the necessity or lack thereof for the catheterization.

The party seeking summary judgment always bears the initial burden of production, i.e., of making a *prima facie* case that it is entitled to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This may be done by demonstrating that the non-moving party has not produced evidence relating to an essential element of an issue for which it bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322-23. Here, Plaintiff has produced

evidence, through the opinion of Dr. Sandoval, that Defendant failed to act in a medically reasonable way when it catheterized Plaintiff. Defendant disputes Dr. Sandoval's credentials but, at the summary judgment stage this Court may not weigh the evidence or make credibility findings, which is the work of the fact finder. Petruzzi's IGA v. Darling-Del., 998 F.2d 1224, 1230 (3d Cir. 1993).

Simply stated, Plaintiff asserts that Defendant acted negligently. In its reply brief, Defendant states that it "respectfully disagree[s]." Therefore, there is a clear dispute over whether the catheterization was necessary. Clearly, summary judgment is not appropriate here because there is a dispute over the material fact that Defendant either did or did not act in a medically reasonable manner.

## IV.   CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      July   17  , 2007
Orig.:     Clerk
cc:        Counsel of Record
           The Honorable Mark Falk, U.S.M.J.