NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY MOTTOLA, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 05-CV-3964 (DMC) |
| CITY OF UNION CITY; CHIEF CHARLES EVERETT, SERGEANT ARMANDO NAJAR, SERGEANT MIGUEL FIGUEROA, LIEUTENANT RICHARD MOLINARI, POLICE OFFICER DAVID VALDIVIA, POLICE OFFICER RICHARD D'ANDREA, JOHN DOE (1-12) BEING A FICTITIOUS DESIGNATION OF ONE OR MORE PERSONS MALE OR FEMALE OR INSTITUTIONAL, GREENVILLE HOSPITAL, MEADOWLANDS HOSPITAL, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to dismiss for failure to provide an affidavit of merit, pursuant to the Affidavit of Merit statute, N.J. Stat. Ann. § 2A:53A-27 by Defendant Meadowlands Hospital Medical Center ("Defendant"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to dismiss is **denied**.

I.  **BACKGROUND**

Plaintiff Anthony Mottola ("Plaintiff") began his employ as a Union City Police Officer in June 2000. (Defendants City of Union City and Chief Charles Everette's Brief in Support of Their Motion for Summary Judgment, p. 2). Plaintiff has a history of depression and insomnia dating back to May 2001, which requires him to take several prescription medications. In 2002 and 2003, Plaintiff was examined by Police Surgeon, Dr. Ausberto McKinney who determined that as a result of the medication, Plaintiff's mental alertness was impaired and that he was not fit for duty. (Id. at p. 3.) In 2002 and 2003, Plaintiff used 283 sick days. (Id. at p. 2.) By Notice dated November 30, 2004, Plaintiff was advised of disciplinary charges that included "inability to perform duties" and "chronic or excessive absenteeism or lateness," and the right to a departmental hearing. (Id. at p. 4.) Rather than proceeding with the hearing, in February 2005, Plaintiff entered a Memorandum of Understanding with the City of Union City that constituted his "final and irrevocable resignation" from his employment with the City's Police Department. (Id. at p. 5.)

Subsequently, Plaintiff filed various claims in state court, such as violations of the Americans with Disabilities Act and 42 U.S.C. § 1983, against Defendants City of Union City, Chief Charles Everett, Sergeant Armando Najar, Sergeant Miguel Figueroa, Lieutenant Richard Molinari, Police Officer David Valdivia, Police Officer Richard D'Andrea, Greenville Hospital, and Meadowlands Hospital Medical Center. On August 11, 2005, Defendants filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1331 and 1441. In an Order dated January 4, 2006, this Court dismissed all state law causes of actions against the City of Union City and its officials. All other Defendants, except Meadowlands Hospital Medical Center, were subsequently

dismissed from the case.  (Certification of Defendant's Counsel Julianne Cefalu, Esq. at ¶ 4).  Defendant filed an Answer on November 2, 2005.

Plaintiff alleges that Defendant was negligent in relation to an unauthorized catheterization performed on May 12, 2003, constituting medical malpractice and negligence. (Id. at ¶¶ 6-7.)  Defendant filed a motion for summary judgment which was denied by this Court on July 17, 2007.  Defendant filed the present motion seeking dismissal for failure to provide an affidavit of merit within the allotted time, pursuant to N.J. Stat. Ann. § 2A:53A-27.  In opposition, Plaintiff claims that Defendant's motion should be denied based on the doctrine of estoppel.

**II.     STANDARD OF REVIEW**

In an action for malpractice or negligence, a plaintiff, within sixty days of the filing date of Defendant's answer, must ". . . provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices."  N.J. Stat. Ann. § 2A:53A-27.  If the court finds good cause, it "may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section."  Id.  Plaintiff's failure to provide an affidavit "shall be deemed a failure to state a cause of action."  N.J. Stat. Ann. § 2A:53A-29.

**III.    DISCUSSION**

Defendant moves to dismiss Plaintiff's complaint for failure to provide an affidavit of merit.  Plaintiff acknowledges that he did not provide the affidavit, but argues that Defendant's

3

motion should be denied based on the doctrine of estoppel.

In Caldwell v. Malaghaggi, the court stated that absent some equitable justification, a plaintiff's complaint may be dismissed with prejudice if an affidavit of merit is not filed within 120 days of filing the defendant's answer. 2007 WL 2085355, slip op. at *1 (D.N.J. July 17, 2007) (citing Knorr v. Smeal, 178 N.J. 169, 176 (2003)). In Knorr, the New Jersey Supreme Court held that a defendant is equitably estopped from gaining a dismissal "because of defendant's belated filing of the motion, and plaintiffs' reliance on his failure to do so timely." 178 N.J. at 180. Estoppel is an equitable doctrine that "is designed to prevent injustice by not permitting a party to repudiate a course of action on which another party has relied to his detriment." Id. at 178. In order "to establish equitable estoppel, plaintiffs must show that defendant engaged in conduct, either intentionally or under circumstances that induced reliance, and that plaintiffs acted or changed their position to their detriment." Id.

In Knorr, fourteen months after filing his answer, defendant moved to dismiss based on plaintiff's failure to file an affidavit of merit, despite having continued discovery, including depositions and a physical examination of plaintiff by the defense expert. See id. at 175-180. The Knorr Court reasoned that the defendant's failure to file a timely dismissal motion induced plaintiff's reliance that the case was on course and that plaintiffs would not have engaged in discovery had they known that their failure to file an affidavit earlier would lead to a dismissal. See id. at 180. Although the statute does not specify a timeframe in which the defendant must file a notice of motion to dismiss, the New Jersey Supreme Court stated that "defendants must act timely too; they cannot sleep on their rights." Id. at 173.

4

The New Jersey Supreme Court also stated that the equitable remedy of estoppel is consistent with the legislature's intent in enacting the merit statute.  See id. at 181.  While the affidavit of merit may have been useful to defendant early in the case, the affidavit would have added nothing to the defendant's knowledge of the case when parties had already engaged in full discovery.  Id. at 182.  The Knorr Court noted astutely that "the Legislature could not have intended to allow an otherwise meritorious claim to proceed indefinitely at great expense to both parties, only to have defendant obtain a dismissal on procedural grounds that should have been asserted much earlier in the process."  Id.

Similar to Knorr, in this case, more than twenty months after filing its answer, Defendant moved to dismiss this case based on Plaintiff's failure to provide an affidavit of merit.  During that time, parties have engaged in discovery, including interrogatories, depositions, and an examination of Plaintiff by Defendant's medical experts.  The doctrine of estoppel is applicable here because Defendant's failure to file a timely dismissal motion induced Plaintiff's reliance that the case was on course and Plaintiff would not have engaged in discovery had he known that his failure to file an affidavit earlier would lead to a dismissal.  See Knorr, 178 N.J. at 180.  Granting Defendant's motion would mean that "the attorneys labored needlessly and the judicial system expended its resources on a case that should not have been on the calendar had defendant acted timely."  Id. at 180.  Therefore, Defendant's motion to dismiss is **denied**.

**IV.**     C<small>ONCLUSION</small>

  For the reasons stated, it is the finding of this Court that the Defendant's motion to dismiss is **denied**.  An appropriate Order accompanies this Opinion.

                 S/ Dennis M. Cavanaugh
                 Dennis M. Cavanaugh, U.S.D.J.

Date:        March   14  , 2008
Orig.:       Clerk
cc:          Counsel of Record
       The Honorable Mark Falk, U.S.M.J.
       File

6